UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EURAL WILLS II,<br><br>　　　　Defendant. | Case No: CR 94-00007 SBA<br><br>**ORDER RE SUPPLEMENTAL BRIEFING** |

　　　On September 27, 1994, Defendant was convicted by a jury of bank robbery and related offenses. Dkt. 115.  On January 31, 1995, Defendant was sentenced by Judge Fern Smith to a term of 30 years and 108 months in custody and 5 years of supervised release, and ordered to pay $35,760 in restitution to the victim, Bank of America.  No fine was imposed. Dkt. 144.[1]  Defendant's payment plan currently requires him to pay $25 per month towards his restitution obligation.

　　　Defendant has now filed a request to reduce his restitution payments to $25 per quarter on the grounds that he is no longer able to work due to his medical condition.  More specifically, Defendant is suffering from renal failure and undergoing dialysis treatments

---

[1] The action was reassigned to the undersigned following Judge Smith's departure from the bench.

three times a week at the Bureau of Prison's medical facility in Springfield, Illinois.  Dkt. 235.

Under 18 U.S.C. § 3664(k), a district court has the discretion to modify a restitution order based on a material change in the defendant's economic circumstances.  Section 3664(k) provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any <u>material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution</u>.  The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim.  <u>The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances</u>.  Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k) (emphasis added).

In its response, the Government notes Defendant has failed to provide any documentary support for his request with his moving papers—but states that "if [he] is able to provide such documentation . . . , the United States does not oppose the Court adjusting the restitution payment schedule to accommodate the demonstrated 'material change' in [his] current ability to pay $25 per month."  Dkt. 238 at 1-2.  In response, Defendant has submitted a reply brief and attached documentation to confirm that he is receiving dialysis treatments and therefore unable to work.  Dkt. 240.

The documentation filed by Defendant appears to support his claim that there has been a material change in his economic circumstances that might affect his ability to pay restitution.  <u>See</u> 18 U.S.C. § 3664(k).  However, before the Court can modify Defendant's restitution schedule, § 3664(k) requires that the Government must "certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances."  <u>Id.</u>  There is no indication in the record that the victim, Bank of America, has yet been notified of Defendant's request to modify his restitution payment schedule.  Accordingly,

IT IS HEREBY ORDERED THAT the Government shall notify Bank of America of Defendant's request to modify his restitution payment schedule and the reasons therefor, and certify to the Court that such notice has been provided. The government shall provide the certification within twenty-one (21) days of the date this order is filed. The Court will then take Defendant's request under submission.

IT IS SO ORDERED.

Dated: January 31, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge